IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:00CR52 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LORENZO AVENDANO-RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

Now before the court is Filing No. 74, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), filed by Lorenzo Avendano-Ramirez. Defendant asserts he received ineffective assistance of counsel. Also before the court are Filing No. 77, the government's answer to the defendant's § 2255 motion; Filing No. 81, the defendant's reply to the government's answer; and Filing No. 83, the defendant's supplemental filing in support of his § 2255 motion. For the following reasons I find that § 2255 motion to vacate is denied.

**I. Background**

A jury found defendant Lorenzo Avendano-Ramirez guilty on four counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841 (a) (1), on May 10, 2000. Filing No. 17. That same day the jury returned a special verdict as to a forfeiture in violation of 21 U.S.C. § 853. Filing No. 18. The court sentenced defendant to concurrent prison terms of 121 months on each of the four counts. Filing No. 49. Defendant filed a timely notice of appeal. Filing No. 50. On direct appeal defendant made the following four claims: (1) the district court erred by not granting his request for substitute counsel; (2) the district court erred by requiring him to represent himself; (3) the district court erred by not

granting his motion for recusal; and (4) an *Apprendi* argument.  See *United States v. Avendano-Ramirez*, 242 F.3d 377 (8th Cir. 2000) (per curiam) (unpublished).

The United States Court of Appeals for the Eighth Circuit rejected all of the defendant's claims on appeal.  Specifically, the court stated the following:

> The district court did not abuse its discretion in denying the [substitute counsel] motion, however, because Avendano-Ramirez failed to show any justifiable dissatisfaction with his retained attorney, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communications. . . .   Contrary to Avendano-Ramirez's complaint that his attorney "had not done anything for him," the attorney informed the district court he had met with Avendano-Ramirez several times, he was prepared to go to trial, and Avendano-Ramirez was merely dissatisfied with the attorney's assessment of the strength of the prosecution's case. After the district court refused to appoint substitute counsel, Avendano-Ramirez requested to proceed alone, and after a lengthy discussion, the district court allowed Avendano-Ramirez to represent himself with the retained attorney acting as standby counsel. Avendano-Ramirez now contends his waiver of his right to counsel was not knowing, voluntary, and intelligent. Having reviewed the particular facts and circumstances surrounding the case, we conclude the district court made Avendano-Ramirez aware of his right to counsel or to represent himself, and of the possible consequences if he decided to proceed without counsel's help.

*United States v. Avendano-Ramirez,* No. 00-2932 (8th Cir. Dec. 19, 2000).

## II. Analysis

The primary issue before the court is whether defendant received ineffective assistance of counsel at trial.  Regarding allegations of ineffective assistance of counsel, the Supreme Court of the United States has said that there is a strong presumption that defense counsel's conduct falls within the wide range of reasonable professional assistance.  See *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  The Supreme Court stated:

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular actor or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.*

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

466 U.S. at 690.

I now turn to the instant case. The defendant alleges that his counsel was ineffective on three counts: (1) counsel provided contradictory information to defendant regarding a possible plea agreement; (2) counsel could not effectively communicate with defendant because counsel lacked fluency in Spanish; and (3) counsel's general lack of competence. I shall consider each issue in turn.

### 1. Contradictory Information Provided by Counsel

The defendant contends that his trial counsel, Mr. Joseph Lopez Wilson, rendered ineffective assistance, because he provided wrong and contradictory information to

defendant regarding a possible plea agreement.  The defendant has the burden of proving both the counsel's deficient performance and that counsel's deficiency prejudiced the defendant.  To establish prejudice, the defendant must demonstrate that absent counsel's errors, there is a reasonable probability that the proceeding would have had a different result.  *Evans v. United States*, 200 F.3d 549, 550 (8th Cir. 2000), citing *Strickland v. Washington*, 466 U.S. 668, 687.  *Accord Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)  "The *Strickland* test has two parts: whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation.  If we can answer 'no' to either question, then we need not address the other part of the test."

In the case at bar defendant states that his counsel, Mr. Joseph Lopez Wilson, wrongly told him that his likely sentence would be three to five years if he were to agree to plead guilty.  Defendant also admits his counsel provided him with more accurate information on possible sentencing a short time later.  Instead of entering into a plea agreement, defendant proceeded to trial pro se (with Mr. Lopez Wilson as "stand-by counsel") and a jury found defendant guilty on four counts.  The ultimate outcome of the case would not have been different had the defendant plead guilty.  However, his sentence presumably would have been lower.  In his initial §2255 Petition (Filing 74) the defendants states that his attorney initially advised him that a negotiated sentence of three to five years could be obtained.  Defendant then avers that his attorney advised that the more likely sentence would be from five to ten years.  The court takes judicial notice that had the defendant pleaded guilty he likely would have received a three point reduction to his base offense level for acceptance of responsibility.  Furthermore, in the event he truthfully

4

disclosed his criminal conduct he would have been eligible for the safety valve pursuant to U.S.S.G. §5C1.2 which would have entitled him to a reduction of two additional points. His base offense level was 32 (Filing 58) less five points would have placed the defendant's sentencing range between 70 and 87 months. The reduction merely for acceptance of responsibility would have netted the defendant a sentencing range of 87 to 108 months. Defense counsel's initial advice and subsequent more realistic advice would have afforded the defendant a substantially lower sentence had he chose to plead guilty. Unfortunately, defendant never relied on any of the sentencing advice given by his attorney. Instead, defendant proceeded pro se to have his case tried to a jury. Therefore, I find that defendant failed to meet his burden of showing that counsel's initial sentencing information prejudiced him and I conclude counsel's representation not deficient.

### 2.   Defendant's Access to an Effective Interpreter

Defendant argues that Mr. Joseph Lopez Wilson's lack of fluency in Spanish rendered Mr. Lopez Wilson ineffective as counsel. Again, defendant has the burden of showing his counsel's deficiency, and that the deficiency changed the result of the trial. See *Strickland*, 466 U.S. at 688. Defendant's counsel by affidavit stated that Spanish is counsel's primary language. Filing No. 77, Attach. 1. At trial, Judge Cambridge stated, "Mr. Wilson has, with regard to his ability to speak Spanish and translate English, has been determined by this court language skilled. He's very proficient at speaking Spanish notwithstanding what the defendant says." TR; 449:23-24; 450:1-2. Further, defendant offers no evidence of counsel's lack of fluency. Therefore, I find that defendant has not met his burden of showing counsel's deficient performance or that he incurred any prejudice by counsel's representation.

5

Defendant briefly asserts that he did not receive adequate interpreters to aid in his communication with the court.  Specifically, defendant argues one interpreter provided by the court had a "Miami dialect," and was hard to understand.  Filing No. 74.  Generally, "[t]he burden is on the petitioner to make out a case for section 2255 relief."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  In his § 2255 motion defendant offers no evidence in support of his claim.  In fact, at no time during the jury trial did defendant indicate that he did not understand the court's interpreters.  In addition, Judge Cambridge stated during the evidentiary hearing that for much of the time defendant "threw the [translating] headphones down and refused to listen."  TR. 429: 12-15.  Defendant responded that he did not want to listen unless "[he] had a lawyer - [his] lawyer."  TR 429:16-19.  Therefore, because defendant has not met his burden, I find that defendant's assertion that he did not receive an adequate interpreter is without merit

### 3. Counsel's General Lack of Competence

Finally, defendant argues in his supplemental brief that his counsel is generally incompetent.  "There is a presumption of competency of court-appointed counsel and a showing must be made before that presumption can be overcome."  *Kress v. United States*, 411 F.2d 16, 22 (8th Cir. 1969).  Appellant's Sixth Amendment claim can prevail "only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court."  *Kress*, 411 F.2d at 22, quoting *Cardarella v. United States*, 375 F.2d 222, 230 (8th Cir. 1967).

Defendant, in his supplemental brief, bases his argument on the affidavit that Mr. Lopez Wilson provided to the United States Court of Appeals for the Eighth Circuit.  *See*

6

Filing No. 77, Attach. 1.  Defendant argues that the content and the style of the affidavit demonstrate Mr. Lopez Wilson's general lack of competence.  Filing No. 83.  The court has reviewed the affidavit and finds no evidence of general incompetence on the part of defendant's attorney.  Furthermore, defendant offers no evidence of specific incompetent acts or omissions by counsel at the time of the proceedings.  Finally, the finding of the Eighth Circuit Court of Appeals supports counsel's competence in the proceeding. "Avendano-Ramirez failed to show any justifiable dissatisfaction with his retained attorney, such as conflict of interest, an irreconcilable conflict, or a complete breakdown in communications."  See *United States v. Avendano-Ramirez*, 242 F.3d 377 (8th Cir. 2000) (per curiam) (unpublished), *cert. denied*, 122 S. Ct. 613 (2001)  Therefore, I find defendant's argument that his counsel is incompetent has no merit.

THEREFORE, IT IS ORDERED:

1.  That Filing No. 77, the Motion under 28 U.S.C. § 2255 to Vacate filed by defendant is denied.

2.  A separate judgment of dismissal with prejudice will be filed in accordance with this Memorandum and Order.

DATED this 5th day of May, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge